**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eugene CRUCEAN, Defendant–Appellant.**

**No. 00–2471.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 31, 2001.

Decided Feb. 28, 2001.

---

Diane L. Berkowitz (argued), Office of U.S. Atty., for Plaintiff.

Charles E. Stewart, Jr., (DNA) (argued), Crown Point, IN, for Defendant.

Before BAUER, COFFEY, and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

Appellate review of sentencing decisions has expanded vastly since the advent of the Sentencing Guidelines in 1987, as virtually everyone even slightly touched by the system knows. The scope of that review varies, however, depending upon what is presented: sometimes there is no jurisdiction at all to entertain the issue on appeal, sometimes review is for abuse of discretion, sometimes it is for clear error, and sometimes it is *de novo*. We have concluded that the challenges Eugene Crucean is trying to raise in the present case fall within the first category, for the reasons we explain below. We therefore dismiss the appeal for want of jurisdiction.

On the day his trial was set to begin, Crucean pleaded guilty to four counts of mail fraud, one count of wire fraud, and one count of making a false tax return. See 18 U.S.C. §§ 1341, 1343, and 26 U.S.C. § 7206(2). For sentencing purposes, the court concluded that he fell within offense level 20 and criminal history category IV, which yielded an imprisonment range of 51

to 63 months. Crucean moved for a downward departure based on U.S.S.G. sec. 5K2.13, which permits a district court to depart because of the defendant's diminished mental capacity at the time of the offense. After an evidentiary hearing, at which the court heard testimony from Dr. Lawrence Viers, a psychologist who had treated Crucean about a decade before the offenses in question, and then briefly after he was indicted, and from Dr. John Earl Franklin, a psychiatrist called by the government, the court concluded that a downward departure was not warranted. It imposed concurrent 60–month sentences on the mail and wire fraud counts, a concurrent 36–month sentence on the tax count, over $15,000,000 in restitution, and $300 in special assessments. Crucean's appeal seeks review of the refusal to grant a departure under sec. 5K2.13.

Briefly, the underlying offense for which Crucean was being prosecuted involved his operation of various employee leasing businesses that also provided various management services to client companies, such as payroll, health insurance, tax withholding, and workers' compensation insurance. Clients would pay Crucean's company (under whatever guise it was then operating) a processing fee, and Crucean would take care of these services. The trouble was, of course, that he was not doing so. His companies were taking the payments and pocketing them in some instances; in others, he was grossly under-reporting the size of the payrolls he was handling to insurance companies, tax authorities, and so on.

Crucean hoped to earn a downward departure by convincing the court, through Dr. Viers, that his behavior was attributable to mental illness—specifically, a combination of obsessive-compulsive disorder (OCD) and depression. Based on his treatment of Crucean between May 1988 and October 1989, Dr. Viers opined that Crucean was able to understand the difference between right and wrong, but that he was unable to control his behavior as a result of his two disorders. In fact, Dr. Viers had not diagnosed Crucean with OCD back in the late 1980s; instead, he had revised his original diagnosis (which had been that Crucean suffered from low self-esteem and alcohol abuse) after Crucean's lawyer in the present case contacted him. Dr. Viers had been led to believe that Crucean had stopped drinking in 1988, but it turned out that this was not true.

Dr. Franklin, the government's witness, stated that it would be very difficult to diagnose depression if the patient was actively drinking. Based on his review of the file and Dr. Viers's testimony, Dr. Franklin also testified that nothing in his opinion suggested a diagnosis of OCD, and furthermore that there was no evidence that Crucean could not control his behavior. After listening to all of this, the district court found "by a preponderance of all the credible evidence, including the testimony of Dr. Franklin, the Government's expert who the Court finds to be credible, that [Crucean] did not at relevant times suffer from a significantly reduced mental capacity." It accordingly denied Crucean's motion for a departure under § 5K2.13.

■ Whether we can review this decision at all, and if so, the scope of our review, depends on how sec. § 5K2.13 fits into the overall structure of the Guidelines. As we pointed out in *United States v. Franz*, 886 F.2d 973 (7th Cir.1989), the question whether appellate jurisdiction exists "is essentially one of statutory interpretation." *Id.* at 976. In other words, we must ascertain whether the issue the appealing party wants to raise is one that the court is authorized to hear under 18 U.S.C. § 3742(a) (for defendants) or 18 U.S.C. § 3742(b) (for the government). *Franz* went on to hold that if a defendant was appealing (a) a legal sentence, that is (b) within the appropriate guideline range, and (c) conforms to any applicable statutory maximum or minimum constraints, then § 3742(a) confers no jurisdiction on the

court of appeals to review a district court's discretionary decision not to depart downward. Even though departures are an integral part of the Guidelines, such a sentence is not one that was imposed "as a result of an incorrect application of the sentencing guidelines," as § 3742(a)(2) uses that phrase.

The *en banc* court later underscored one point that had been mentioned in *Franz*, namely, that if the district court refuses to depart because of its legal conclusion about its authority to depart, that issue does fall within the scope of § 3742(a)(2) and is thus reviewable. See *United States v. Poff*, 926 F.2d 588, 591 (7th Cir.1991) (*en banc*).

After these two decisions, the Supreme Court handed down its ruling in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In *Koon*, the district court computed an adjusted offense level of 27 for the two defendants. With their criminal history category of I, this gave them a guidelines sentencing range of 70 to 87 months under the version then applicable. The court then decided, however, to depart downward by a total of eight levels, producing a final offense level of 19 and a sentencing range of 30 to 37 months. As was its right under 18 U.S.C. § 3742(b)(3), the government appealed the downward departure. It was in this context, where appellate jurisdiction to review the departure was unquestionably present, that the Court discussed the standard of review that is appropriate. It held that a sentencing court, and hence an appellate court, may ask whether there are features of the case that take it out of the "heartland" of cases anticipated in the Guidelines. In undertaking that task, it must consider whether departures based on those features are forbidden, encouraged, or discouraged by the Sentencing Commission. See *id.* at 95, 116 S.Ct. 2035. Appellate review in all cases is for abuse of discretion, *id.* at 99–100, 116 S.Ct. 2035, recognizing that an error of law such as the use of a forbidden factor will always support a finding of abuse of discretion.

 These cases illustrate some general points about the related topics of jurisdiction to review and subsequent scope of review. On the topic of jurisdiction, as we have said before, if there is no legal error in the sentence (i.e. no challenge to the computation of the offense level and criminal history category, no challenge to the resulting guideline range, and no claim that the sentence fails to respect statutory criteria), then there is no jurisdiction over a defendant's claim that the court should have departed downward (or, by the same token, over a possible government claim that the court should have departed upward). Departures of that kind are left entirely to the discretion of the district court under the Guidelines, and to permit appellate review would be to disregard the statutory system of providing only limited appellate review (though, we are certain, far less limited than the drafters of the statute thought it would be). One common application of this jurisdictional rule is the principle that there is no appellate jurisdiction over a district court's choice of a particular number of months within an otherwise correct guideline range. See *United States v. Ward*, 211 F.3d 356, 366–67 (7th Cir.2000) (court of appeals lacked jurisdiction to review district court's placement of sentence within applicable guidelines range); *United States v. Solis*, 923 F.2d 548, 551–52 (7th Cir.1991) (same). See also *United States v. Coe*, 220 F.3d 573, 582 (7th Cir.2000) (where defendant did not claim that sentence was imposed in violation of the law or was an incorrect application of the Guidelines, § 3742(a) precludes review of sentence within applicable guidelines range).

 If appellate jurisdiction exists, the question then becomes how to treat the particular sentencing issue before the court. *Koon* instructs courts to use the abuse of discretion standard for most points, which is precisely what this court did in *United States v. McMutuary*, 217

F.3d 477 (7th Cir.2000). There we considered whether a district court could ever consider an unjustified disparity in the sentencing of a co-defendant as a factor to use in determining whether to grant a downward departure, and concluded that this would be possible only in very rare circumstances. *Id.* at 490. We say "most" points are governed by abuse of discretion, rather than all, because many sentencing appeals concern nothing more than the findings of fact the district courts made (Did the defendant obstruct justice? Did she accept responsibility? Was she a leader or organizer?). In those instances, sec. 3742 calls for clear error review of factual findings, and *de novo* review of conclusions of law. See *United States v. Gibson*, 155 F.3d 844, 846 (7th Cir.1998) (whether robber's threat can constitute express threat of death under U.S.S.G. § 2B3.1 is a legal interpretation of a sentencing guideline which is reviewed *de novo*, whereas whether statement amounts to threat is a factual question which is reviewed for clear error); *United States v. Brown*, 71 F.3d 1352, 1360–61 (7th Cir.1995) (district court's findings of fact, such as whether defendant obstructed justice or engaged in more than minimal planning, are entitled to deference under clear error standard of review, whereas legal conclusions are reviewed *de novo*).

■ To the extent there may be confusion, we think it arises from a failure to distinguish between the threshold requirements for appellate jurisdiction and the subsequent standard for reviewing issues properly before the court of appeals. If, for example, the district court in this very case had agreed with Crucean that a downward departure was appropriate, and had given him an adjusted offense level of 12 (instead of his 20), the government would have been entitled to appeal just as it did in *Koon*, and the merits of the psychiatric testimony would have been properly before us. That, however, is not what happened. The only question is therefore whether a decision not to award an adjustment under § 5K2.13 yields a sentence "imposed as a result of an incorrect application of the sentencing guidelines," see § 3742(a)(2), or if it falls within the court's unreviewable discretion.

We have already answered this question adversely to Crucean in *United States v. Dyer*, 216 F.3d 568 (7th Cir.2000). There we explained that the mental capacity adjustment provided by § 5K2.13 is one committed entirely to the discretion of the district court. As such, the district court had no obligation to determine how far the defendant's mental illness contributed to his criminal actions, because:

> The guideline [sec. 5K2.13] is permissive rather than mandatory. Even if the judge finds that the defendant committed the offense while afflicted by a significantly reduced mental capacity, he is not required to reduce the defendant's sentence; he is merely authorized to do so, and his exercise of that authority is unreviewable.

216 F.3d at 569–70.

Given the holding of *Dyer*, there are only three ways in which Crucean could conceivably secure appellate review, but he has conceded that none of them is present here. The first would be a mistaken belief on the district court's part that it had no power to depart downward based on diminished mental capacity. See *Poff*, 926 F.2d at 590–91. The second and third would be a belief on the district court's part that OCD and depression were forbidden factors under the Guidelines as a basis of departure. Legal determinations like those are correctable, if in error, so that the defendant will receive the benefit of a full exercise of the discretion the law gives to the judge. But, as we said, the judge in this case knew perfectly well what was possible under the Guidelines, and he decided against giving Crucean his requested departure. This decision, we conclude, cannot be reviewed in this court.

The appeal is therefore DISMISSED.