**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David L. McCLAIN, Defendant–Appellant.**

**No. 01–1740.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 3, 2001 *.

Decided Oct. 15, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, DIANE P. WOOD, Circuit Judges.

### ORDER

David L. McClain brings this direct appeal challenging the sentencing court's calculation of his base offense level for a "felon in possession of a firearm" offense. Finding that McClain possessed the firearm in connection with another offense, attempted murder, the sentencing court increased McClain's base offense level from 14 to 22. McClain argues that the evidence adduced at trial would support either attempted murder or aggravated assault but that under the "rule of lenity" the sentencing court should have adopted the view of the evidence most favorable to him and sentenced him accordingly. We affirm.

McClain was convicted of possessing a firearm after a felony conviction in viola-

tion of 18 U.S.C. § 922(g)(1). His conviction stemmed from an altercation he had with Eric Jackson, who is married to Wendy Jackson, the mother of McClain's daughter. On the morning of April 23, 2000, McClain returned his daughter, Nakia, to Jackson's home after an overnight visit. Wendy Jackson had denied McClain's request to keep Nakia for a longer period. Shortly after Nakia's return, Eric Jackson left for the grocery store. While driving to the store Jackson encountered McClain walking a few blocks away. When Jackson stopped at a stop sign, McClain shouted at him, and the two men began arguing about Nakia. McClain then walked over to Jackson's car, reached through the open driver's side window and hit Jackson in the head with a .32 caliber semi-automatic pistol. Jackson got out of the car, and the two men began fighting over the gun. During the fight, McClain pointed the gun at Jackson and tried to fire, but the gun did not discharge.

Springfield police officer Donald Anderson arrived at the scene, and McClain fled down an alley. Jackson told the officer that McClain had a gun, and the officer began chasing McClain on foot. During the chase McClain dropped the gun. The officer recovered the gun but lost sight of McClain. Police found McClain at his home later that day crouching in a stairwell closet.

At trial Jackson testified that during the altercation McClain had pointed the gun at him "[l]ike he would shoot." He stated that McClain tried to fire the gun but that it did not discharge. Officer Anderson testified that upon inspecting the gun he observed that the barrel contained one bullet with a "primer strike," meaning that someone had attempted to fire it. Gary Havey, a forensic scientist from the Illinois State Police, testified that he too noticed the primer strike on the bullet when inspecting the gun for fingerprints. At the close of the government's case, McClain offered into evidence several photographs of the scene and rested without presenting any witnesses. The jury returned a guilty verdict.

In his presentence report ("PSR") the probation officer recommended a base offense level of 22, rather than the level 14 that ordinarily would have applied under U.S.S.G. § 2K2.1(a)(6). The probation officer reasoned that the court should apply the cross-reference provision of § 2K2.1(c)(1) because McClain had used the firearm in connection with the commission of another crime, namely, the attempted murder of Jackson. The probation officer therefore recommended applying U.S.S.G. § 2A2.1(a)(2)—"Assault with Intent to Commit Murder; Attempted Murder," which provides for a base offense level of 22.

The PSR also included a total of 12 criminal history points. Three points each were assessed for a 1992 state conviction for unlawful possession of a stolen vehicle, a felony offense for which McClain received a three-year prison sentence, and a 1995 "felon in possession" conviction for which he received a 46–month federal prison sentence. An additional four points were assessed under U.S.S .G. § 4A1.1(c) for four state offenses: a 1991 theft conviction; a 1993 criminal trespass conviction; a 1994 conviction for unlawful use of a weapon; and a 1998 retail theft conviction. McClain received an additional two points for committing his current gun offense less than two years after release from imprisonment for the 1995 "felon in possession" offense. This record resulted in a criminal history category of V, producing a range of 77–96 months.

At sentencing McClain argued that under one of two theories his offense level should be 18 rather than 22. He first suggested a base offense level of 14 under

U.S.S.G. § 2K2.1(a)(6) with a 4–point upward adjustment under U.S.S.G. § 2K2.1(b)(5) because the gun was used in the felony offense of aggravated assault. Alternatively he suggested a base offense level of 15 under U.S.S.G. § 2A2.2, the guideline for aggravated assault, with a 3–point upward adjustment under § 2A2.2(b)(2) because he had "brandished" the gun during the offense.

The court rejected these arguments, instead adopting the recommendation in the PSR that McClain be sentenced under the guideline for attempted murder. The court found "ample" evidence in the record that McClain had attempted to murder Jackson, including Jackson's testimony that McClain tried to shoot him from close range, and the testimony of the police officers that the bullet found in the gun was dented, indicating that someone had tried to fire it. The court sentenced McClain to 95 months' imprisonment and three years of supervised release. McClain filed a timely notice of appeal.

Given McClain's criminal history and the type of weapon involved, the presumptive base offense level was 14 under U.S.S.G. § 2K2.1(a)(6). But § 2K2.1(c) also provides that if McClain used his handgun "in connection with the commission or attempted commission of another offense," the district court was to apply " § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above." Further, U.S.S.G. § 2X1.1 provides that when an attempt is expressly covered by another section of the guidelines, the other section should be applied. U.S.S.G. § 2X1.1(c)(1). The applicable sentencing provision for assault with intent to commit murder or attempted murder provides for a base offense level of 22. U.S.S.G. § 2A2.1(a)(2).

The sentencing court applied the above provisions to calculate McClain's base offense level at 22. We review the sentencing court's conclusions of law de novo and factual findings for clear error. *United States v. Crucean*, 241 F.3d 895, 899 (7th Cir.2001). We review the court's decision to apply a cross-reference provision for clear error. *United States v. Westmoreland*, 240 F.3d 618, 635 (7th Cir.2001) (internal citation omitted). "Clear error" means that a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. McEntire*, 153 F.3d 424, 431 (7th Cir. 1998).

We conclude that the court did not commit clear error in applying the cross-reference provision and sentencing McClain for attempted murder. As the district court observed, there was evidence in the record to support the conclusion that McClain attempted to murder Jackson. Such evidence included Jackson's testimony that McClain tried to shoot him with a .32 caliber semi-automatic pistol at close range, and the police officers' testimony that the bullet in the gun's chamber appeared to have been fired unsuccessfully. As the prosecutor observed at sentencing, "The only reason we're here with felon in possession rather than murder is because that round didn't fire."

On appeal McClain argues that, although the facts surrounding his offense would support either attempted murder or aggravated assault, under the "rule of lenity" the sentencing court should "endeavor to use the rationale most favorable to the defendant and construe the guidelines accordingly." The government counters that McClain waived any argument regarding the "rule of lenity" by failing to raise it at sentencing, or, alternatively, that the "rule of lenity" did not require the sentencing court to adopt a view of the evidence most favorable to McClain.

■ The "rule of lenity" is a principle of statutory construction that, in rare cases,

requires an ambiguous criminal statute to be construed in favor of the defendant. *See United States v. Chapman,* 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). The rule is not applicable unless there is "grievous ambiguity or uncertainty" in the language of a statute "even after a court has seized everything from which aid can be derived." *Id.* (internal citations and quotation marks omitted). In such a case any ambiguity should be resolved in favor of the defendant. *See McEntire,* 153 F.3d at 438 n. 16. The rule is not, however, an "overriding consideration of being lenient to wrongdoers." *Chapman,* 500 U.S. at 463, 111 S.Ct. 1919.

█ We conclude that McClain waived his "lenity" argument by failing to raise it below. Waiver occurs when the defendant intentionally relinquishes a known right. *United States v. Ramsey,* 237 F.3d 853, 862 (7th Cir.2001), *petition for cert. filed* (U.S. Apr. 18, 2001) (No. 00–9546). Waiver extinguishes the error and precludes appellate review. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Here McClain objected to the application of § 2A2.1(a)(2) at sentencing, arguing that the court instead should apply either § 2K2.1(b)(5) or § 2A2.2. McClain did not cite the rule of lenity, nor did he argue that any of the relevant guideline provisions were ambiguous, and his argument is thus waived. *See Ramsey,* 237 F.3d at 862.

█ Even assuming McClain has not waived this argument, the rule is wholly inapplicable to this case. We have previously considered rule of lenity arguments when a defendant argues that a particular sentencing guideline is ambiguous. *See generally United States v. Jones,* 235 F.3d 342, 345–46 (7th Cir.2000) (rejecting application of rule of lenity to definition of "prior felony conviction" in guidelines); *United States v. Unthank,* 109 F.3d 1205, 1211 (7th Cir.1997) (declining to apply rule

of lenity to guidelines provision defining "crime of violence"); *United States v. Reddrick,* 90 F.3d 1276, 1282 (7th Cir.1996) (rejecting rule of lenity argument with respect to differing penalties imposed by guidelines for offenses involving "cocaine" and "cocaine base"). Although the rule may generally apply to a court's interpretation of the sentencing guidelines, the rule is inapplicable to a court's application of the guidelines to the facts of a particular case. *See McEntire,* 153 F.3d at 438 n. 16.

McClain's argument that the sentencing court was required to adopt the more favorable view of the evidence is not a proper application of the rule of lenity, which is designed to ameliorate statutory ambiguity. *See McEntire,* 153 F.3d at 438 n. 16. The Supreme Court has expressly rejected the notion, suggested in McClain's brief, that the rule is an overarching policy of lenience toward criminal defendants. *See Chapman,* 500 U.S. at 463, 111 S.Ct. 1919.