**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesse JONES, a.k.a. "Toot",
Defendant–Appellant.**

**No. 01–3992.**

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 2002.

Decided July 26, 2002.

Before CUDAHY, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

Jesse Jones pleaded guilty to one count of distributing cocaine base and two counts of possession with intent to distribute cocaine base, all in violation of 21 U.S.C. § 841(a)(1). On appeal he argues that the district court erred in denying his motion for a downward departure due to diminished mental capacity. *See* U.S.S.G. § 5K2.13. We vacate the sentences imposed and remand.

Mr. Jones is forty-one years old but has an I.Q. of 54, placing his cognitive ability at the level of an eight- or nine-year old child. At sentencing Mr. Jones argued that his mental retardation qualified him for a downward departure under § 5K2.13, which permits departures for defendants who committed their offense while suffering from a "significantly reduced mental capacity." [1] The district court refused to grant the departure, however, stating:

> [W]ith respect to the departure for diminished capacity under 5K2.13, the Court is going to exercise its discretion in not granting a downward departure on that ground. There's no question, and the Court's not going to reiterate what everyone, basically, agrees, that Mr. Jones has severely reduced mental capabilities. But inability to reason and lack of judgment would fit probably 95 percent of the defendants that appear before this Court. And when the Court reviews 5K2.13, the Court does not feel that this defendant would meet the criteria to downward depart under that section of the guidelines.

The court then sentenced Mr. Jones to concurrent terms of 151 months' imprisonment, the lowest possible sentence in the guideline range.

Mr. Jones's sole argument on appeal is that the district court erred in refusing to grant him the departure under § 5K2.13. The government counters that we lack jurisdiction to consider this challenge because the district court's decision not to depart was a discretionary one that is not subject to appellate review.

Whether we have jurisdiction over Mr. Jones's appeal depends on how we characterize the district court's decision. On the one hand, if the court had a correct legal understanding of its authority to depart, but simply exercised its discretion not to

---

1. Mr. Jones also moved for departures under U.S.S.G. § 4A1.3 (adequacy of criminal history category) and § 5K2.0 (circumstances falling outside the "heartland"). The district court granted the motion with respect to § 4A1.3—reducing Mr. Jones's criminal history category from VI to IV, and yielding a guideline range of 151 to 188 months—but refused to depart under § 5K2.0. Mr. Jones has expressly waived any objections he may have to that latter decision.

do so, the decision is not subject to appellate review. *United States v. Crucean*, 241 F.3d 895, 899 (7th Cir.2001). If, on the other hand, the court's ruling was based on a determination that departure was *legally* impermissible, that determination would be reviewable. *Id.*

Though the district court recognized, as a *general* matter, that it "does have the discretion to depart downward under [§ 5K2.13]," a careful reading of the sentencing transcript leaves us with some doubt whether the court appreciated the full extent of its authority to depart under that section of the guidelines. Specifically, we question whether the court was operating under the mistaken impression that mental retardation cannot, as a matter of law, qualify one for a § 5K2.13 departure. *See United States v. Jaroszenko*, 92 F.3d 486, 491 (7th Cir. 1996) (that government reminded district court of its discretion to depart "in general terms" did not automatically defeat appellate jurisdiction since reminders did not specifically relate to court's discretion to depart based on particular ground asserted by defendant); *cf. Crucean*, 241 F.3d at 899 (defendant who sought a § 5K2.13 departure on grounds that he suffered from obsessive-compulsive disorder and depression could secure appellate review if district court operated under the belief that those conditions were forbidden bases for departure); *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir.1998) (appeals court has jurisdiction to review denial of downward departure where sentencing court believed that it lacked authority to depart "for the entire class of circumstances proffered by the defendant"). The court rejected Mr. Jones's request for a downward departure because it thought that he did not "meet the criteria" of § 5K2.13. That conclusion, however, seems inconsistent with the court's earlier finding that there was "no question ... that Mr. Jones has severely reduced mental capabilities." We have attempted to reconcile these two statements, and in doing so conclude that the district court must have apparently believed that mental retardation can *never* be a valid basis for departing under § 5K2.13 because, as the court said, "inability to reason and lack of judgment would fit probably 95 percent" of defendants. *See Jaroszenko*, 92 F.3d at 490–91 (concluding that district court thought that it lacked discretion to depart downward on account of defendant's remorse, where court stated that defendant "deserves a downward departure on remorse" but then decided not to depart). But such a blanket conclusion is legally erroneous. Whether departure is permissible under § 5K2.13 depends on a case-by-case determination that the defendant either "has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful," U.S.S.G. § 5K2.13, comment. (n.1), and we can easily imagine a situation where mental retardation would qualify.

And the facts here certainly suggest a compelling case for departure. Indeed, the district court found that Mr. Jones "probably is more severely mentally handicapped than probably most, if not any, other defendant I have seen before me." The court also found that "Mr. Jones is just used by crack dealers.... [H]e knows right from wrong, but he is subject to being used, taken advantage of by other people, and he does not have the independent thinking to be a crack dealer in the street use of that term, although technically under the law he is." The tenor of these comments reinforces our concern that the district court mistakenly believed

that it lacked the legal authority to depart downward from the guideline range. Accordingly, we think that the prudent course is to remand the case so that Mr. Jones's sentence may be reconsidered. *See Jaroszenko,* 92 F.3d at 491; *United States v. Rojas–Millan,* 234 F.3d 464, 475 (9th Cir.2000); *United States v. Gifford,* 17 F.3d 462, 474–75 (1st Cir.1994).

The sentences are VACATED, and the case is REMANDED for the limited purpose of allowing the district court to reconsider Mr. Jones's request for a departure under § 5K2.13.