**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William A. PARKS, Jr., Defendant–**
**Appellant.**

No. 02–1648.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 14, 2002.

Decided Nov. 27, 2002.

Before RIPPLE, ROVNER, and
DIANE P. WOOD, Circuit Judges.

## ORDER

William Parks pleaded guilty to one count of assaulting a prison officer, and now appeals his sentence. He argues that the district court erred in refusing to grant him a downward departure because his criminal history allegedly overstated the seriousness of his prior offenses. We affirm.

In August 1997, Mr. Parks, an inmate at the United States Penitentiary in Terre Haute, Indiana, was searched by two correctional officers who believed that he had acquired marijuana from his fiancee during a visit to the prison. During a search for contraband after the visit, the officers noticed that Mr. Parks was holding two white balloons. Mr. Parks attempted to swallow the marijuana and physically resisted the officers. When the officers called for back-up, Mr. Parks elbowed one of them in the ribs and pushed the other officer against a wall. Although Mr. Parks was eventually subdued with handcuffs and leg irons, the officers suffered significant physical injuries as a result of the fight. One officer required hospital treatment for a right lateral chest contusion and was unable to work for 65 days.

Following the altercation Mr. Parks was charged with one count of obtaining marijuana in violation of 18 U.S.C. § 1791(a)(2) and (b)(3), as well as one count of assaulting, resisting, opposing, impeding, or interfering with an officer and employee of the U.S. Department of Justice's Federal Bureau of Prisons, in violation of 18 U.S.C. § 11(a)(1) and (b). Mr. Parks pleaded guilty to the assault count; the marijuana violation was dropped as part of the plea agreement.

In determining Mr. Parks' sentence, the district court considered a presentence report ("PSR") developed by his probation officer. The PSR determined that Parks

was a career offender under USSG § 4B1.1, taking into account a 1982 robbery conviction, a 1995 bank robbery conviction, and Mr. Parks' status as an adult at the time of his present offense. Given his criminal history category of VI, and a three-level reduction in his offense level from 24 to 21 for acceptance of responsibility, the PSR calculated the guideline range as 77 to 96 months.

Although neither party filed written objections to the PSR, Mr. Parks' attorney contended at his sentencing hearing that Mr. Parks' criminal history category was overstated. Counsel argued that the court should disregard Parks' previous violations because they exaggerated the seriousness of his offenses and consider the correctional officers' injuries as only bodily injury, as opposed to "serious bodily injury" under U.S.S.G. § 2A2.2(b)(3). After rejecting these arguments, the district court imposed a sentence of 77 months' imprisonment, the low end of the guideline range.

On appeal, Mr. Parks contends that the district court erred because it misunderstood its discretion when it refused to depart downward from the sentencing guidelines. At sentencing, Mr. Parks contended that the career offender enhancement and the determination that the bodily injuries of his victims were "serious" severely exaggerated his criminal history. We ordinarily lack jurisdiction to review a district court's refusal to exercise its discretion and depart downward from the guidelines. *United States v. Lovaas,* 241 F.3d 900, 902 (7th Cir.2001). Indeed, we shall undertake such a review only when the district court erroneously believed that it had no discretion to depart. *United States v. Crucean,* 241 F.3d 895, 899 (7th Cir.2001). In reviewing such a decision, we presume that the district court understood its authority to exercise discretion unless there is evidence to the contrary. *United States v. Hegge,* 196 F.3d 772, 774 (7th Cir.1999).

The record provides no support for Mr. Parks' argument that the district court misunderstood its discretion to depart downward. Indeed, the court explicitly addressed each of Mr. Parks' arguments and concluded that the 77 to 96 month guideline range was appropriate under the circumstances. Tr.17–18. The district court provided a detailed description of the method he used in calculating Mr. Parks' sentence:

> I want you to understand how I arrive at this sentence. As I look at the guidelines, they very clearly point us from paragraph 13 through 16, no matter what the nature of injury to the officer was, to the offense level 21, and the Court finds the total offense level 21 appropriate under these guidelines; and that I look secondly to the criminal history category and there are two crimes of violence, there's a class A robbery here and there's the bank robbery. And this one also qualifies under the definition of the guidelines under which you pled guilty; and so I can't say that that overstates your history. There it is right there under the application of the guidelines, that's where we are. We are at category 6 and total offense level 21. Now as I look at the actions surrounding how you got here, I think this is an appropriate guideline.

Tr.17–18. Nothing in the sentencing transcript reflects that the district court misunderstood its discretion to depart downward. The court demonstrated that it was aware of its discretion to depart when it concluded that it could not "find any reason ... to depart below on these guidelines." Tr.19. Indeed, he specifically noted that "you're [sic] being a category VI is not an overstatement or overrepresentation of your history." Tr.19.

Mr. Parks also contends in his brief on appeal that the district court erred by

failing to consider "all" factual circumstances that relate to a defendant's criminal history. It is true that a district court has *discretion* to consider other facts where application of the criminal history guideline overrepresents the seriousness of the defendant's past offenses. *United States v. Collins,* 272 F.3d 984, 987 n. 1 (7th Cir.2001). But Mr. Parks mentions no other specific facts or circumstances that the court should have explicitly considered in calculating his sentence. As a result, he fails to develop any argument that the district court abused its discretion by choosing not to depart from the guideline range.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED