**Eugene CRUCEAN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–1506.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 20, 2004.

Decided Sept. 27, 2004.

Barry Levenstam, William R. Lee, Jenner & Block, Chicago, IL, for Petitioner–Appellant.

Dean R. Lanter, Office of the United States Attorney, Hammond, IN, for Respondent–Appellee.

Before POSNER, KANNE, and EVANS, Circuit Judges.

## ORDER

The morning his trial was set to begin, Eugene Crucean pleaded guilty, without a plea agreement, to an indictment charging four counts of mail fraud, one count of wire fraud, and one count of making a false tax return. Crucean appealed his sentence, and we affirmed. *United States v. Crucean*, 241 F.3d 895, 897 (7th Cir.2001). Crucean then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court summarily dismissed the motion under Rule 4(b) of the Rules Governing § 2255. We granted Crucean's request for a certificate of appealability on the issues of whether his trial counsel was ineffective for failing to interview witnesses in preparation for trial and whether his counsel at sentencing was ineffective for failing to challenge the government's loss calculation.

From approximately 1986–1992, Crucean operated various employee leasing businesses that provided management services to client companies, including payroll, health insurance, tax withholding, and workers' compensation insurance. *Crucean*, 241 F.3d at 897. Instead of providing these services, Crucean was defrauding insurance companies, tax authorities, and his clients by doing such things as grossly under-reporting clients' payroll in order to keep workers' compensation premiums low and charging clients for insurance policies that did not exist.

On the first day of trial, Crucean pleaded guilty. The district court conducted a thorough plea colloquy under Federal Rule of Criminal Procedure 11. Approximately 6 months later, however, Crucean informed attorneys Durkin and Blegen that he wished to withdraw his guilty plea and instructed them not to file their sentencing memorandum. The district court allowed counsel to withdraw their representation

and appointed attorney Charles Stewart to represent Crucean at sentencing.

Stewart did not file a motion attacking the plea but instead petitioned the court to obtain funds to hire an expert witness to challenge the government's loss calculation. After the court authorized funds, Stewart hired Steven Meils to evaluate the losses resulting from the tax fraud and Steven Coombs to evaluate the losses to the government, insurance carriers, and Crucean's clients.

Before sentencing, Stewart filed a memorandum on behalf of Crucean objecting to the government's calculation that the loss exceeded $15 million, the recommendation that Crucean receive a leadership enhancement for his role in the offense, and the position that Crucean did not qualify for acceptance of responsibility. With regard to the loss, Stewart attached a report by Coombs that concluded that the government had overstated losses to the insurance industry by approximately $8–$9 million. Coombs, however, did not conduct a full audit and thus did not make a final damages calculation. There is no mention in the record of a report by Meils.

At sentencing, Stewart withdrew his objections, including his objection to the government's loss calculation, and the court adopted the government's position that the loss was $15,477,951.30. The government withdrew its objection to Crucean receiving a 2–level reduction for acceptance of responsibility and its recommendation for a leadership enhancement: the court applied a reduction for acceptance of responsibility and did not apply the 4–point role adjustment for leadership. Based on a total offense level of 20 and a criminal history category of IV, the court sentenced Crucean to 60 months imprisonment, 3 years supervised release, restitution of $15,477.951.30, and a special assessment of $300.

Crucean timely filed a § 2255 motion alleging ineffective assistance of both his trial counsel and his sentencing counsel. Crucean alleged that his trial counsel's lack of preparation, including the failure to interview witnesses and investigate "crucial" documents, forced him to involuntarily plead guilty. He further alleged that his sentencing counsel was ineffective for failing to conduct an adequate investigation into the amount of loss attributed to him and for withdrawing the objection to the loss at sentencing. The district court dismissed Crucean's motion without requiring a response from the government or holding an evidentiary hearing. Crucean appeals.

To establish ineffective assistance of counsel, Crucean must demonstrate that counsel's performance was deficient and he was prejudiced by counsel's performance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court assumed that Crucean could demonstrate his counsel's deficient performance but could not demonstrate any prejudice resulting from the deficient performance. Therefore, prejudice is at issue.

■ We begin with Crucean's argument that the district court wrongly dismissed his motion because he demonstrated that his counsel's performance at sentencing was deficient and his sentence was longer as a result of counsel's performance. *See Glover v. United States,* 531 U.S. 198, 202–204, 121 S.Ct. 696, 148 L.Ed.2d 604. Crucean asserts that his counsel's performance was deficient when he failed to have the original business records audited, failed to learn the full extent of the government's inflated loss calculation, and inexplicably withdrew his objection to the loss calculation. As for prejudice, Crucean asserts the Coombs report proved that the

actual losses were only between $5 and $6 million rather than the government's determination of over $15 million and, had counsel pursued the challenge, his offense level would have been lower.

The government concedes that the district court erred by summarily dismissing Crucean's § 2255 motion as it related to sentencing counsel's representation. The district court noted that counsel's reason for withdrawing his objection was "not clear from the record" but held that Crucean would be unable to satisfy the prejudice prong of *Strickland.* But because the record does not conclusively demonstrate that his attorney's withdrawal of the objection was reasonable, and Crucean has adequately alleged prejudice, specifically the Coombs report stating that the government's loss calculation is grossly inflated, we must remand for further proceedings. We note, however, that although the record contains nothing regarding counsel's motive for withdrawing the objection, it seems likely that Crucean's attorney cut an unofficial deal with the government to withdraw his objections in exchange for the government withdrawing its objection to Crucean receiving a reduction for acceptance of responsibility and not advocating a leadership enhancement. If that is the case, it's hard to see how Crucean could ever show prejudice from his counsel's move, let alone a deficient performance under the first prong of *Strickland.*

Finally, Crucean's contention that his trial counsel was ineffective by causing him to involuntarily plead guilty because he knew counsel was unprepared is without merit. The time for Crucean to raise his concerns regarding counsel's lack of preparation was at the Rule 11 hearing,

see *United States v. Martinez,* 169 F.3d 1049, 1054 (7th Cir.1999), and he failed to do so. His attempt to now challenge his plea is unavailing.

We therefore AFFIRM the district court's dismissal of Crucean's claim of ineffective assistance of counsel at trial but VACATE the dismissal of Crucean's claim of ineffective assistance of counsel at sentencing and REMAND for proceedings consistent with this order.

AFFIRMED in part, VACATED and REMANDED in part.