In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3707

United States of America,

Plaintiff-Appellee,

v.

Todd Dyer,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 CR 176--Rudolph T. Randa, Judge.

Argued April 25, 2000--Decided June 8, 2000

Before Posner, Chief Judge, and Easterbrook and Evans,
Circuit Judges.

Posner, Chief Judge.  The defendant was convicted
of mail fraud and related federal crimes arising
from his operation of a Ponzi scheme between 1991
and 1996, and was sentenced to 70 months in
prison. The scheme involved the sale of
securities in Dyer's sham or nonexistent
corporations and imposed losses on its mostly
elderly victims of more than $2 million. The
appeal challenges the district judge's refusal to
give Dyer a downward departure on the basis of
section 5K2.13 of the federal sentencing
guidelines, which provides that "a sentence below
the applicable guideline range may be warranted
if the defendant committed the offense while
suffering from a significantly reduced mental
capacity." A refusal to grant a downward
departure is unreviewable unless the refusal is
based on a legal error, e.g., United States v.
Thomas, 181 F.3d 870, 873 (7th Cir. 1999), and
the legal error here, according to Dyer, is the
judge's failure, once he found as he did that
Dyer had suffered from a serious mental illness
during the period in which the crime was
committed, to determine how far that mental
illness "contributed" to the crime and to reduce
Dyer's sentence accordingly. Dyer is manic
depressive and had frequent manic episodes during
the five-year life of his Ponzi scheme. His

condition was undiagnosed and as a consequence he did not take the drug that controls the condition (lithium).

Nothing in U.S.S.G. sec. 5K2.13 or the cases construing it imposes the burden that Dyer faults the district judge for not having shouldered. The guideline is permissive rather than mandatory. Even if the judge finds that the defendant committed the offense while afflicted by a significantly reduced mental capacity, he is not required to reduce the defendant's sentence; he is merely authorized to do so, and his exercise of that authority is unreviewable.

All this is clear enough, and we write only because of the confused discussion in the briefs and at argument of the question whether section 5K2.13 requires the judge to determine, as a precondition to granting a downward departure on the basis of the defendant's mental condition, whether that condition was a "but for" cause of his criminal conduct. A judge who thought the guideline does require such a determination was reversed in United States v. Ruklick, 919 F.2d 95 (8th Cir. 1990), and a number of opinions deny the necessity for such a determination, e.g., United States v. Leandre, 132 F.3d 796, 803 (D.C. Cir. 1998); United States v. Cantu, 12 F.3d 1506, 1515 (9th Cir. 1993), though none in this circuit. Some opinions deny that the defendant's mental condition must be the "sole cause" of his criminal act, e.g., United States v. Aker, 181 F.3d 167, 173-74 (1st Cir. 1999); United States v. Goosens, 84 F.3d 697, 702 (4th Cir. 1996), and seem to think that this is the same thing as a "but for" cause. E.g., United States v. Cantu, supra, 12 F.3d at 1515. This equation, coupled with the fact that the cases that deny the need to show a but-for cause are equally insistent that some causal connection be shown between the defendant's mental condition and his criminal conduct, suggests a degree of confusion.

"But for" causation is a very weak sense of causation; in fact, it often falls short of the meaning of "cause" in ordinary usage. It is poles apart from "sole cause," as innumerable cases in other areas of the law make clear. E.g., Greater Rockford Energy & Technology Corp. v. Shell Oil Co., 998 F.2d 391, 401 (7th Cir. 1993); Farley v. Nationwide Mutual Ins. Co., 197 F.3d 1322, 1334 (11th Cir. 1999); Fajardo v. Sun Alliance Ins. Co., 178 F.3d 1, 11 (1st Cir. 1999); Jones v. Dunkirk Radiator Corp., 21 F.3d 18, 23 (2d Cir. 1994). But for Dyer's having been born, he wouldn't have operated a Ponzi scheme; but it would be odd, in fact incorrect, to say that his birth (or the birth of his parents or grandparents) caused his crime. The significance

of a but-for cause (better termed a "necessary condition" than a "cause") is that something that is not even a but-for cause of the event that we're interested in is unlikely to hold the slightest interest for us in evaluating, altering, or otherwise dealing with that event. If Dyer's mental condition was not a but-for cause of his crime, that is, if he would have committed the crime even if he had been completely sane at all times, then it is hard to see how his mental condition is any more relevant to his punishment than the color of his hair. Nothing in the opinions that we cited in the last paragraph indicates disagreement with this. If there is no connection between the defendant's mental condition and his crime, there is no basis for a punishment discount. United States v. Frazier, 979 F.2d 1227, 1229-30 (7th Cir. 1992); United States v. Sammoury, 74 F.3d 1341, 1346 (D.C. Cir. 1996).

 The principal objectives of criminal punishment that guide the design and application of the federal sentencing guidelines are retribution, deterrence, and incapacitation. See 18 U.S.C. sec.sec. 3553(a), (b); United States v. Heffernan, 43 F.3d 1144, 1148 (7th Cir. 1994); United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993). Mental illness can bear on any of these, and usually on more than one. It might for example make it more difficult for a person to comply with the law, and this could warrant a judgment that a heavy sentence would not have a significant deterrent effect on persons in the defendant's class, United States v. Poff, 926 F.2d 588, 595 (7th Cir. 1991) (en banc) (dissenting opinion); an insane person might be completely undeterrable, although this is rare. If as in Dyer's case the mental illness is treatable, this may argue that the incapacitative objective of imprisonment would not be advanced by a heavy sentence. But as a matter of logic such a judgment would have to rest on a determination that, had it not been for the defendant's mental illness, he would not have committed the crime (or perhaps would have committed a lesser crime). If the crime would have occurred anyway, then curing the defendant's mental illness would not make him less likely to commit future crimes. Nor would it make him less deserving of retribution. He would be less deserving of it if he would not have committed the crime but for his mental illness, even if the illness were untreatable, for whatever the prognosis of a mental illness, a person who acts under the effect of disease is not as evil, as worthy therefore of punishment, as one who would be law abiding were he not mentally impaired.

 So there has to be some causal connection

between the defendant's mental condition and his criminal conduct in order to warrant a punishment discount under any plausible set of penal goals. Yet judicial reluctance to acknowledge a but-for requirement in section 5K2.13 is a fact, and it is a fact that, we think, reflects the uncertainty that plagues efforts to determine the causal effect of mental disease. It was this that led the district court in United States v. Royal, 902 F. Supp. 268, 273 (D.D.C. 1995), to find that the defendant's "mental illness contributed at least 1/3 to his commission of the book thefts." Read literally, this doesn't make sense; either he would have committed the crime had he not been mentally ill, or he would not have. What the court undoubtedly was trying to say was that had the defendant not been mentally ill, it is somewhat less likely that he would have committed the crime. This is not a denial of the requirement of but-for causation, but an effort to adjust the sentence to reflect the possibility that the requirement was not satisfied. And with that we have no quarrel. But if the judge finds that the defendant would have committed the crime anyway, there would be no possible justification for reducing the sentence other than that the judge felt sorry for the defendant--which would be just the kind of ad hoc, unfocused sentencing judgment that the guidelines seek to purge. Given the length of time over which Dyer conducted his Ponzi scheme, the elaborate planning that went into it, and the purely episodic character of his manic fits, it would have been surprising had the judge found his illness to be a necessary condition of his criminal activity and therefore a possible mitigating factor in punishment.

The determination of causality was in any event the judge's determination to make, not ours; so our agreement with his determination is no more relevant than our disagreement with it would be. He committed no legal error in refusing to depart downward, and the appeal is therefore

Dismissed.