NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 15, 2008
Decided December 10, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1977

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, <br><br> *v.* <br><br> MATTHEW BORAWSKI, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:07-CR-00106(01)RM <br><br> Robert L. Miller, Jr., *Chief Judge.* |

**ORDER**

Matthew Borawski pleaded guilty without a plea agreement to possession of a firearm by a felon. See 18 U.S.C. § 922(g)(1). The district court sentenced him to 37 months' imprisonment, at the low end of the guidelines range. On appeal he challenges his prison sentence, arguing primarily that it is greater than necessary to serve the purposes of sentencing because, he contends, the district court did not adequately take his bipolar disorder into account and gave too much weight to protecting the community. He also

briefly argues that the district court overstated the seriousness of his criminal history. We affirm the judgment.

In August 2007, police in Michigan City, Indiana, stopped Borawski for running a stop sign while driving his moped. They smelled alcohol on his breath, and when they searched him they found a loaded .357 handgun in his waistband. The officers arrested Borawski for public intoxication. When they later learned that Borawski had a 2000 conviction for a violent felony (burglary), he was indicted for violating § 922(g)(1).

The probation officer calculated Borawski's imprisonment range using the 2007 guidelines. She began with a base level of 20, as prescribed by U.S.S.G. § 2K2.1(a)(4)(A), and then she subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Next she calculated Borawski's criminal history category. First, she assigned two points for a 1998 conviction for carrying a handgun without a permit; that conviction netted Borawski a month in jail and a term of probation that was later revoked in favor of six more months' incarceration. Second, the probation officer added one point for a 2000 burglary conviction, for which Borawski had received an eight-year prison term. Borawski was allowed to serve the first three years on work release and the rest on probation, but ultimately he served about six months in jail after two revocations. (Although it ultimately makes no difference at this stage, we note that the probation officer gave Borawski too few points here; under U.S.S.G. § 4A1.1(a) he should have received three points for this conviction.) Third, the probation officer added three points for a 2001 felony conviction for possessing stolen property; that conviction resulted in an eighteen-month prison sentence. Fourth, she added one point for a 2003 term of probation for felony theft. Finally, the probation officer added one point for a 2006 misdemeanor conviction for driving while intoxicated, which resulted in a one-year term of imprisonment with 345 days suspended. Borawski's eight criminal history points put him in category IV; that history combined with his total offense level of 17 yielded a guidelines imprisonment range of 37 to 46 months.

Borawski did not challenge the probation officer's calculations, but he did submit a memorandum requesting a sentence below the guidelines range. He argued that he deserved a lower sentence because he has bipolar disorder, which, he claimed, led him to carry a gun because he twice has been a victim of violence and continues to experience an exaggerated fear of being attacked again. Borawski included a summary of his mental-health records, and although he now argues that the records reflect treatment only for substance abuse, the records disclose treatment for bipolar disorder as well. Although the latter treatment began in 1999, it took place primarily from 2002 through 2007. Borawski also asserted that in February 2008 one doctor opined that he lacked insight into his problems and exhibited poor judgment as a result of his bipolar disorder and substance abuse. The mental-health records indicate that Borawski responded well to medication for

bipolar disorder, but that he did not always take it. Similarly, he did not always attend his appointments or abstain from alcohol and drugs. He was discharged from the treatment program unsuccessfully.

At the sentencing hearing neither side had objections to the presentence report, and so the district court adopted the probation officer's proposed findings. The judge also discussed several of the factors under 18 U.S.C. § 3553(a), both at the hearing and in his written sentencing memorandum. He focused on Borawski's history and characteristics, noting that at age 27 Borawski already was facing his fourth felony conviction and had several other misdemeanor convictions, probation violations, and arrests not resulting in conviction. The court observed that although Borawski did not use or brandish his gun, he did carry it while intoxicated and once before had been convicted of possessing a firearm illegally. The judge acknowledged Borawski's bipolar disorder but noted that the mental-health records suggested that Borawski was not amenable to treatment for that condition or for his substance abuse. The judge agreed with Borawski that his bipolar disorder was a mitigating factor if it caused him to feel a need to carry a gun, but he reasoned that Borawski's insistence on being armed also gave rise to a greater need to protect the public from him. Ultimately the court concluded that Borawski's criminal record warranted a sentence at or above the mid-point of the guidelines range. Nevertheless, because Borawski had pleaded guilty without a plea agreement, the court opted for a prison term at the bottom of the range.

Borawski first argues that the district court's selection of a sentence within the guidelines range was unreasonable because, he contends, his mental-health records show that his bipolar disorder impaired his judgement and ability to control his behavior, and he would be less of a danger to the public if given more psychological treatment and less imprisonment.

On appeal we assess whether the sentencing judge adequately considered the § 3553(a) factors, but we will not re-weigh those factors. See *United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005). Sentencing decisions, if procedurally sound, are reviewed only for reasonableness, *Gall v. United States*, 128 S. Ct. 586, 597 (2007), and we presume that a sentence within a properly calculated guidelines range is reasonable, *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Mental illness was a permissive ground for departure before *United States v. Booker*, 543 U.S. 220 (2005), and a sentencing court should consider any nonfrivolous argument counsel raises about it. See U.S.S.G. § 5K2.13; *United States v. Miranda*, 505 F.3d 785, 792-93 (7th Cir. 2007) (discussing post-*Booker* standard and remanding because district court ignored defendant's argument about his mental illness); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Borawski does not argue that the guidelines range was miscalculated. (The error in the criminal history calculation benefitted rather than harmed him.) His sentence is therefore presumptively reasonable. The judge adequately discussed and weighed the § 3553(a) factors and Borawski's bipolar disorder, and with that task done, there is nothing to support a finding of unreasonableness. What Borawski is left with is an argument that the district court gave too little weight to his lessened culpability and to the need to provide him with psychological treatment, and too much weight to the protection of the public. That argument is unavailing because, once again, our review of the weight that the district court gives to each factor is deferential. Moreover, Borawski's reliance on our pre-*Booker* decision in *United States v. Dyer*, 216 F.3d 568 (7th Cir. 2000), is misplaced. *Dyer* does not help him because, although the opinion recognizes that the guidelines encourage consideration of mental illness in sentencing, see *id.* at 570-71, it also acknowledges that if a mental disorder drove the defendant to commit the offense the court has the discretion but not a duty to give a below-guidelines sentence, *id.* at 569.

Borawski also briefly argues that his prison sentence overstates the seriousness of his criminal history, presumably analogizing to U.S.S.G. § 4A1.3(b)(1), because most of his prior offenses were not violent. In the district court, however, Borawski did not object to the probation officer's calculation of his criminal history score or otherwise draw attention to the severity of his criminal history. A district court cannot be faulted for not considering a factor that the defendant never mentioned. See *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006). And as we have noted, it appears that the probation officer *undervalued* Borawski's criminal history by adding only one point instead of three points for his burglary conviction. See *United States v. Timbrook*, 290 F.3d 957, 959 (7th Cir. 2002) (holding that work release in a county jail is a sentence of imprisonment under § 4A1.1(a)); *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002)

(explaining that suspended sentence does not count for § 4A1.1(a) but boot-camp program does). Those extra points would have put Borawski in category V, with a sentencing range of 46 to 57 months.

AFFIRMED.