Filed 4/1/25  Zarate v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| ASAEL T. ZARATE, | C102334 |
| Petitioner, | (Super. Ct. No. CR242944) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | |
| Respondent; | |
| THE PEOPLE | |
| Real Party in Interest. | |

This case involves a defendant's right to a speedy preliminary hearing under Penal Code[1] section 859b, which describes the time for holding a preliminary hearing on a felony complaint.  Relevant here, it requires the magistrate to hold this hearing within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later.

---

[1]  Undesignated statutory references are to the Penal Code.

1

(§ 859b.) It also requires the magistrate to dismiss the complaint if the preliminary hearing is set or continued beyond this period and "the defendant has remained in custody for 10 or more court days solely on that complaint," unless the defendant waives time or the prosecution establishes good cause for a continuance. (*Ibid.*)

In this case, the magistrate initially scheduled the preliminary hearing to take place 10 court days after the date Asael T. Zarate was arraigned and pled not guilty on a charge for arson. But after the prosecution sought a continuance—saying it had not yet obtained a witness who could sufficiently testify about the charged arson—the magistrate continued the hearing to a later date. Zarate, in response, moved to dismiss. He asserted that under section 859b, the magistrate needed to dismiss the complaint because he had remained in custody for 10 court days, he had not waived time, and the prosecution had not shown good cause for a continuance. But the magistrate disagreed, finding the continuance permissible under section 859b for two independent reasons: first, because the prosecution presented good cause for a continuance; and second, because Zarate was not in custody solely for the arson charge. For the latter point, the magistrate reasoned that Zarate was also in custody for crimes charged in two other complaints.

Zarate afterward filed a petition for writ of mandate and prohibition, challenging both of the magistrate's reasons for denying his motion to dismiss and seeking a writ directing the magistrate to grant his motion. We issued an order to show cause why Zarate should not receive the relief he seeks. Having now considered the parties' competing arguments, we conclude that Zarate has not shown that he "remained in custody for 10 or more court days solely on th[e] complaint" for arson (§ 859b)—and therefore he has not shown that the magistrate's second reason for denying his motion to dismiss was flawed. We thus will deny his petition.

BACKGROUND

In two complaints filed in 2021, Zarate was charged with two misdemeanors and an infraction. One complaint alleged two counts: trespassing, a misdemeanor under section 602, subdivision (m), and littering, an infraction under section 374.4, subdivision (a). The other complaint alleged one count of petty theft, a misdemeanor under sections 484, subdivision (a) and 488. Zarate pled not guilty to these charges. Following arraignment on these charges, the judge released him on his own recognizance. Zarate afterward participated in an unspecified "DA program."

Several years later, in a complaint filed in 2024, Zarate was charged with a felony—arson of another's property under section 451, subdivision (d)—with two alleged circumstances in aggravation. Zarate pled not guilty. Following arraignment on this charge, the judge, sitting as a magistrate,[2] revoked his release for the two 2021 cases and remanded him into custody. The magistrate also set a bail amount for each of the 2021 cases, set a bail amount for the arson case, and scheduled the preliminary hearing on the arson charge to take place 10 court days later. (See *Correa v. Superior Court* (2002) 27 Cal.4th 444, 452 [a preliminary hearing serves to "determine whether probable cause exists to believe that the defendant has committed a felony and should be held for trial"].)

---

[2] We will at times distinguish between (1) a judge, and (2) a judge, sitting as a magistrate. A judge handled arraignment for Zarate's earlier misdemeanor cases because misdemeanor complaints are filed with the court. But a judge, sitting as a magistrate, handled arraignment for Zarate's felony case for arson because felony complaints are, "as a technical matter, . . . filed with the office of magistrate, not with the court itself, and the judge who holds the preliminary hearing sits as a magistrate, not as a judge." (*People v. Henson* (2022) 13 Cal.5th 574, 588; see *Serna v. Superior Court* (1985) 40 Cal.3d 239, 257.)

At the scheduled date for the preliminary hearing, with Zarate still in custody, the assigned prosecutor sought a continuance. He said the one witness he subpoenaed for the hearing could not provide testimony sufficient to show probable cause that Zarate committed the arson. He further said his witness, an officer, either needed to "interview some other witnesses or get the contact information for those witnesses such that we can serve them with subpoenas to get them here into court." Zarate's counsel, in response, asked the magistrate to dismiss the complaint, arguing that the prosecutor had not shown good cause for a continuance. The magistrate denied Zarate's request, continued the preliminary hearing to a date four weeks later, and directed Zarate to be released on his own recognizance later that day pending any other holds.

Following the hearing, Zarate filed a motion to dismiss the arson complaint, raising the same claim he made at the hearing. He argued that under section 859b, the magistrate needed to dismiss the complaint because he remained in custody from the date of his arraignment until the initial preliminary hearing date 10 court days later, he never waived time, and the prosecution failed to show good cause for a continuance. The magistrate denied the motion for two independent reasons. First, the magistrate said the prosecution had shown good cause for the continuance. Second, the magistrate said Zarate was not in custody solely on the complaint for arson; he was also in custody on the two 2021 complaints.

Zarate afterward filed a petition for writ of mandate and prohibition in our court, seeking a writ directing the magistrate to dismiss the complaint for arson. Days later, the magistrate granted Zarate's request for a stay pending review in our court. We subsequently ordered the People to show cause why Zarate should not receive the relief he seeks.

4

DISCUSSION

Zarate challenges both of the magistrate's grounds for declining to dismiss the complaint for arson. Challenging the magistrate's first stated ground, he contends the prosecution failed to show good cause for continuing the preliminary hearing. And challenging the magistrate's second stated ground, he contends he was in custody only on the complaint for arson. Focusing on the latter argument, we conclude that Zarate has failed to show error.

Section 895b, again, describes the time for holding a preliminary hearing. Relevant here, it states: "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment [or] plea . . ., and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period." (§ 895b.) This requirement is meant to ensure that those charged with felonies are not confined for a prolonged period " ' "without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." ' " (*People v. Standish* (2006) 38 Cal.4th 858, 870 (*Standish*).)

Our analysis focuses on section 859b's requirement that "the defendant has remained in custody for 10 or more court days solely on that complaint." Considering this language, courts have long interpreted section 859b to apply only "when the defendant is in custody for reasons *solely attributable* to the charges to be adjudicated at the preliminary examination." (*Standish*, *supra*, 38 Cal.4th at p. 866, fn. 2; see *Ng v. Superior Court* (1992) 4 Cal.4th 29, 38 [§ 859b "has been interpreted as applying only to persons in custody solely by reason of the charges which are the subject of the preliminary hearing"].) In this case, then, we consider whether Zarate was "in custody

5

for reasons *solely attributable* to the [arson] charge[].” (*Standish*, at p. 866, fn. 2.) Considering the record before us, we cannot say he was.

Recall that at the time of the arson charge, Zarate also had outstanding misdemeanor charges and an infraction charge from two earlier complaints. Following arraignment on those two cases, the judge released Zarate on his own recognizance. But following arraignment on the arson charge, the magistrate revoked his release for the two earlier cases, remanded him to custody, and set a bail amount in each of his three cases. The magistrate could have, instead of setting bail in these cases, released Zarate on his own recognizance. (Cal. Const, art. 1, § 12 [“A person may be released on his or her own recognizance in the court’s discretion”]; § 1270, subd. (a) [“Any person who has been arrested for, or charged with, an offense other than a capital offense may be released on his or her own recognizance by a court or magistrate who could release a defendant from custody upon the defendant giving bail”].)[3] But the magistrate did not. Instead, the magistrate conditioned Zarate’s release from custody on his making bail in all three cases—which he never did.

Considering this record, we cannot say that Zarate was “in custody for reasons *solely attributable* to the charge[] to be adjudicated at the preliminary examination”—that is, the arson charge. (*Standish*, *supra*, 38 Cal.4th at p. 866, fn. 2.) We address this topic from two perspectives. First, we cannot say that the magistrate decided to detain Zarate unless he made bail, rather than release him on his own recognizance, for reasons solely attributable to the arson charge. The magistrate, after all, could have found the collective charges against Zarate—and not any one charge in particular—warranted detaining him and setting bail. And perhaps had Zarate only faced the arson charge, the magistrate

---

**3**  Had the magistrate sought to release Zarate on his own recognizance for the arson, it would have needed to hold a hearing and consider certain evidence. (§ 1270.1, subd. (1)(a), (c); see § 1192.7, subd. (c)(14).)

would have instead released him on his own recognizance. So from that perspective, we cannot say that he was in custody for reasons solely attributable to the arson charge. Second, even had Zarate made bail for the arson charge, he still would have remained in custody unless he also made bail in his two other cases. So from that perspective too, we cannot say that he was in custody for reasons solely attributable to the arson charge.[4]

In seeking a contrary conclusion, Zarate maintains that he in fact was in custody solely on the complaint for arson. He reasons that "had [he] never been arrested and charged [with the arson], he would have remained out of custody on his two misdemeanor cases." He adds that he "would not [have] be[en] in custody but-for the charges pending preliminary hearing." But Zarate wrongly equates a but-for reason for his being in custody with the sole reason for his being in custody. (*United States v. Dyer* (7th Cir. 2000) 216 F.3d 568, 570 [but-for causation "is poles apart from 'sole cause' "].) We agree that but for the arson charge, he would not have been in custody. But again, we cannot say that he was "in custody for reasons *solely attributable* to the [arson] charge[]"—which is the relevant question. (*Standish*, *supra*, 38 Cal.4th at p. 866, fn. 2.) So we disagree with Zarate's claim that he "remained in custody for 10 or more court

---

[4] Our analysis might have been different had Zarate shown that he would have made bail for his two earlier cases if not for the additional bail required for the arson case. But Zarate has made no argument along those lines.

days *solely* on that complaint." (§ 859b, italics added.)[5]

DISPOSITION

The petition for writ of mandate and prohibition is denied.

/s/<br>
BOULWARE EURIE, J.

We concur:

/s/<br>
MAURO, Acting P. J.

/s/<br>
KRAUSE, J.

---

[5] The People make no argument on this topic. Instead, in seeking affirmance, they argue only that the magistrate had discretion to find good cause to continue the preliminary hearing. We find it unnecessary to address this alternative reason for the magistrate's ruling.